**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.   YOLANDA CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. __20-cv-068-KEW__ |
| | ) | |
| 1.   UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, | ) ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

COMES NOW the Plaintiff, Yolanda Clark, by and through her attorneys of record, David Riggs, Melvin Hall, and Kymberli J.M. Heckenkemper of Riggs, Abney, Neal, Turpen, Orbison & Lewis, P.C., and Damario Solomon-Simmons of Solomon Simmons Law, and herein files this Complaint against Defendant United States Department of Veterans Affairs ("VA"), wherein Plaintiff alleges and states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff is a citizen of the State of Oklahoma, residing in Muskogee County, Oklahoma.

2. The United States Department of Veterans Affairs (VA) is a duly constituted, cabinet level department of the executive branch of the United States Government, and is an "authority" of the government of the United States.

3. This action is brought for assault and battery, negligence, intentional infliction of emotional distress and false light defamation based upon actions taken by officers of the VA police force which actions were within the scope of the officers' employment.

1

4.	Subject matter jurisdiction is predicated upon this Court's federal question jurisdiction under 28 U.S.C. § 1331.  This Court has personal jurisdiction over the Defendant VA in that Defendant VA conducts its business within the Eastern District of Oklahoma.

5.	Venue is proper in the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1391(b) and (e), as (1) a substantial part of the events giving rise to this action occurred in the Eastern District of Oklahoma (the underlying events pertaining to the unlawful and unreasonably forceful arrest of Plaintiff by VA Police for an alleged failure to pay a $15 parking ticket, causing personal injury to Plaintiff, as well as the unlawful search of Plaintiff's personal belongings),  and (2) the Plaintiff is a resident of the Eastern District of the Eastern District of Oklahoma and this action is brought against an agency of the United States and real property is not involved in this action.

## BACKGROUND

6.	Plaintiff is a forty-four-year old mother of four who is currently employed as a Licensed Practical Nurse at the Muskogee VA and has been since September 2009.  On November 10, 2017, Plaintiff underwent left shoulder surgery for an on-the-job injury sustained in early September 2017.  The surgery included a left shoulder arthroscopic, rotor cuff repair, subacromial decompression, labral debridement, and mini open biceps tenodesis.  Plaintiff was completely off from work recuperating from her surgery from November 10, 2017 to March 6, 2018.

7.	On June 18, 2019, Plaintiff, through her counsel, Damario Solomon-Simmons, presented her Federal Tort Claims Act Notice to the VA.  The VA has neither admitted nor denied the claim; thus, the claim was deemed denied on December 18, 2019.

## COUNT I: ASSAULT AND BATTERY

8. Plaintiff hereby adopts and realleges each and every allegation set forth in paragraphs 1-7, above.

9. On March 6, 2018, Plaintiff's first day back at work following her absence to recover from the surgery described above in ¶ 6, Plaintiff was approached by Lt. Lance Henry at her workstation and forcefully instructed to follow him. Lt. Henry escorted Plaintiff down a hallway away from her workstation and belongings into a dimly lit office. Upon entering the office, Plaintiff quickly realized she was semi-surrounded by at least four (4) other officers: Lt. Scott C. Catlett, Officer Robin Willis, Sgt Jenice Aberant, and Officer Matthew Haves. When Plaintiff asked what was going on, Lt. Lance Henry informed Plaintiff that she was under arrest for a warrant for failure to pay a $15.00 fine for a parking ticket issued August 28, 2017.

10. Plaintiff was unaware of the underlying parking ticket. Plaintiff never received any notification of a court date related to the August 28, 2017 parking ticket and never received any notification from the Muskogee VA that she had an active warrant for her arrest even though the Muskogee VA knew about the warrant as of January 4, 2018.

11. Plaintiff informed the officers that she had just returned to work for the first time in six months due to having had a serious shoulder surgery. Plaintiff was polite and cordial while speaking to the officers.

12. In response, the officers intentionally, roughly and aggressively groped and exposed her breast, unnecessarily grabbed her buttocks, threatened her with physical violence, and used excessive force to raise her injured shoulder over her head, causing her great pain.

13. Plaintiff begged the officers not to place her in handcuffs due to her shoulder injury but they ignored her pleas. In his March 9, 2018 report about the incident, Officer Haves

3

acknowledged that Plaintiff "advised me that she recently had shoulder surgery" and inquired if handcuffs were necessary.

14. According to Officer Haves, he "informed Ms. Clark that it [putting her in handcuffs] was standard procedure and it was necessary." However, the VA Handbook at 0730, Section 7, Paragraph E specifically states, "when an arrested person acts in a belligerent manner or is considered to be threatening handcuffs will be applied." There is no mention in any of the reports by the officers who participated in Plaintiff's arrest that she was belligerent, non-compliant, confrontational, or threatening. Therefore, there was no need or justification for handcuffing Plaintiff, a small, soft-spoken, injured, long-term employee of the VA.

15. Plaintiff was handcuffed for over an hour while the officers interrogated her and then illegally retrieved her personal belongings from her workstation. The officer searched Plaintiff's personal items in violation of the protections afforded her under the Fourth Amendment and VA law enforcement written procedures found in VA Handbook 0730, Section 7 Paragraph F(2) (a-b).

16. The officers then escorted Plaintiff, while handcuffed, through her work site in front of all of her co-workers to the backseat of a waiting police car. Once in the car, Plaintiff was transported, shackled and chained, to the Eastern District of Oklahoma Courthouse like a violent criminal.

17. At the Eastern District of Oklahoma Courthouse, the U.S. Marshalls instructed the officers to unshackle Plaintiff. Once freed from the restraints, Plaintiff quickly paid the August 28, 2017 ticket and tearfully waited for her ride from the courthouse.

18. As a result of the assault and battery committed by the officers, Plaintiff suffered personal injuries, including a torn rotator cuff in her left shoulder, which will require a surgery which Plaintiff has been unable to undergo due to a lack of funds to pay for the surgery.

19. In addition, Plaintiff has suffered financial hardship, including lost wages and repossession of her vehicle.

20. Plaintiff has also suffered severe emotional and mental distress including PTSD, anxiety, and depression due to the actions of the VA officers.

21. As a result of the officers' assault and battery, Plaintiff has suffered damages in an amount in excess of $75,000.

WHEREFORE, Plaintiff respectfully prays the Court enter Judgment on Count I for the Plaintiff and against the Defendants for damages in a sum sufficient to compensate Plaintiff for the injuries and losses caused by the wrongful actions of Defendants, and for such other relief as the Court deems proper.

**COUNT II:   NEGLIGENCE**

22. Plaintiff hereby adopts and realleges each and every allegation set forth in paragraphs 1-21, above.

23. By their actions in roughly handling Plaintiff and handcuffing her despite her notice to them that she had just returned to work after a serious shoulder surgery, the VA officers negligently caused personal injury to Plaintiff.

WHEREFORE, Plaintiff respectfully prays the Court enter Judgment on Count II for the Plaintiff and against the Defendants for damages in a sum sufficient to compensate Plaintiff for the injuries and losses caused by the wrongful actions of Defendants, and for such other relief as the Court deems proper.

## COUNT III:   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24. Plaintiff hereby adopts and realleges each and every allegation set forth in paragraphs 1-23, above.

25. The actions of the officers in forcibly arresting Plaintiff for failure to pay a $15 parking ticket and in causing her injury by handcuffing her when it was unnecessary and after she stated that she had recently had a serious shoulder surgery and in parading her in front of her co-workers like a violent criminal for such a minor infraction, and in transporting her to the United States District Courthouse for the Eastern District of Oklahoma shackled and chained, again for a minor infraction, were outrageous.

26. As a result of the outrageous actions of the officers, the Plaintiff suffered and continues to suffer severe emotional distress, including depression, anxiety, and PTSD.

WHEREFORE, the Plaintiff respectfully prays the Court enter Judgment on Count III for the Plaintiff and against the Defendants for damages in a sum sufficient to compensate Plaintiff for the injuries and losses caused by the wrongful actions of Defendants, and for such other relief as the Court deems proper.

## COUNT IV:   FALSE LIGHT

27. Plaintiff hereby adopts and realleges each and every allegation set forth in in paragraphs 1-26, above.

28. By forcibly arresting the Plaintiff, and handcuffing her when it was unnecessary and in parading her in front of her co-workers like a violent criminal, and in transporting her to the United States District Courthouse for the Eastern District of Oklahoma shackled and chained, the officers, acting within the scope of their authority, published information which portrayed the Plaintiff in a false or misleading light, as the actions of the officers created an impression that the

Plaintiff was a violent and serious criminal rather than someone who had failed to pay a $15 parking ticket.

29. The false impression or information that Plaintiff was a violent criminal was highly offensive and embarrassing to the Plaintiff and would be highly offensive or embarrassing to a reasonable person of ordinary sensibilities.

30. As a result of the outrageous actions of the officers, the Plaintiff suffered and continues to suffer severe emotional distress, including depression, anxiety, and PTSD, as well as other damages, including damage to her reputation.

WHEREFORE, Plaintiff respectfully prays the Court enter Judgment on Count IV for the Plaintiff and against the Defendants for damages in a sum sufficient to compensate Plaintiff for the injuries and losses caused by the wrongful actions of Defendants, and for such other relief as the Court deems proper.

Respectfully submitted,

**RIGGS, ABNEY, NEAL, TURPEN, ORBISON & LEWIS, P.C.**

s/ *Kymberli J. M. Heckenkemper*
M. DAVID RIGGS, OBA # 7583
KYMBERLI J. M. HECKENKEMPER, OBA # 33524
502 W. 6th St.
Tulsa, OK 74119
**Office:** (918) 587-3161 | **Fax:** (918) 587-9708
driggs@riggsabney.com
kheckenkemper@riggsabney.com

MELVIN C. HALL, OBA # 3728
528 N.W. 12th St.
Oklahoma City, OK 73103
**Office:** (405) 843-9909 | **Fax:** (405) 842-2913
mhall@riggsabney.com

*-and-*

>DAMARIO SOLOMON-SIMMONS, OBA # 20340
>**SOLOMON SIMMONS LAW**
>601 S. Boulder Ave., Ste. 600
>Tulsa, OK 74119
>**Office:** (918) 551-8999 | **Fax:** (918) 582-6106
>dss@solomonsimmons.com